# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DARRELL CADLE,**

    **Plaintiff,**

v.                                                                                        **Civil Action No. 1:17cv218**
                                                                                                 **(Judge Keeley)**

**RUBENSTEIN,[1] former Commissioner,
WVDOC; COLEMAN,[2] present Commissioner
[sic], WVDOC; MARVIN PLUMLEY, HCC; and
JEREMY SMITH, C.O., Bailiff,**

    **Defendants.**

## REPORT AND RECOMMENDATION

### I. Procedural History

The *pro se* Plaintiff, then an inmate at Northern Regional Jail in Moundsville,[3] ("NRJ") in Moundsville, West Virginia, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 18, 2017. ECF No. 1. Along with his complaint, Plaintiff filed a motion to proceed as a pauper and a Consent to Collection of Fees from Trust Account. ECF Nos. 2, 3. The Clerk of Court issued a Notice of Deficient Pleading. ECF No. 5. On January 2, 2018, Plaintiff filed a copy of his Prisoner Trust Account Report ("PTAR") with its Ledger Sheets. ECF No. 7.

On January 17, 2018, without seeking leave of court, Plaintiff filed an Amended Complaint. ECF No. 8. Along with the Amended Complaint, Plaintiff filed a second motion to proceed as a pauper, another copy of his Consent to Collection of Fees from Trust Account, and

---

[1] Per the dispositive motion filed on his behalf [ECF No. 47], Defendant Rubenstein's full name is Jim Coleman. The Clerk will be directed to correct the docket.

[2] Per the dispositive motion filed on his behalf [ECF No. 47], Defendant Coleman's full name is Mike Coleman. The Clerk will be directed to correct the docket.

[3] On or about March 28, 2018, Plaintiff was transferred to the Salem Correctional Facility in Industrial, West Virginia, and filed a notice of change of address. See ECF No. 16.

a letter motion for service of process. ECF Nos. 9, 10, 11. By Order entered February 8, 2018, Plaintiff's first motion to proceed as a pauper was granted but he was directed to pay an initial partial filing fee ("IPFF"), and the second motion to proceed as a pauper was terminated. ECF No. 12.  By separate Order entered the same day, Plaintiff's motion for the complaint to be delivered by the US Marshals Service was denied as moot. ECF No. 13.  Plaintiff paid his IPFF on March 7, 2018. ECF No. 15.

By Order entered April 9, 2018, Plaintiff was directed to refile a complete, dated/signed copy of his amended complaint, accompanied by a motion to amend. ECF No. 17. On April 18, 2018, Plaintiff filed a motion to amend, attaching a dated/signed complete copy of a Second Amended Complaint. ECF No. 19. By Order entered April 24, 2018, Plaintiff's motion to amend was granted. ECF No. 20. The Clerk of Court was directed to docket the Second Amended Complaint separately on the docket. See ECF No. 21.

On May 4, 2018, upon a preliminary review of the file, the undersigned determined that summary dismissal was not appropriate, and directed the United States Marshal Service to serve the Second Amended Complaint. ECF No. 23. Summonses were issued for the named defendants. On May 7, 2018, the *pro se* law clerk ("PSLC") assigned to this case was advised that the United States Marshals Service ("USMS") was unable to serve all of the Defendants with the information and the addresses provided in the complaint; accordingly, by Order entered May 7, 2018, Plaintiff was directed to provide updated addresses and clarification to enable to the remaining Defendants to be served. ECF No. 25. In response, on May 22, 2018, Plaintiff moved for an extension of time. ECF No. 28.

On May 30, 2018, Defendant Marvin Plumley ("Plumley") filed a motion to dismiss with a memorandum in support. ECF Nos. 29, 30. Because Plaintiff was proceeding *pro se*, a Roseboro Notice was issued. ECF No. 32.

On June 7, 2018, Plaintiff's motion for an extension of time to discover the current addresses for the remaining Defendants was construed as a motion seeking assistance in obtaining information regarding the current addresses of former West Virginia Division of Corrections ("WVDOC") employees, and granted in part; counsel for Defendant Plumley was directed to obtain and provide the information regarding the current addresses of the remaining WVDOC Defendants to the Court; and Plaintiff's motion for a "mediator" to be appointed to assist him in locating the information was denied. ECF No. 33. On August 7, 2018, Defendants Coleman and Rubenstein moved for an extension of time to respond to the complaint. ECF No. 41. By Order entered August 8, 2018, the Clerk of Court was directed to reissue the summons and serve Defendant Jeremy Smith ("Smith"). ECF No. 42. By separate Order entered the same day. Defendants Rubenstein and Coleman's motion for an extension of time was granted. ECF No. 44. On August 27, 2018, Rubenstein and Coleman filed a Motion to Dismiss and memorandum in support. ECF Nos. 47, 48. A second Roseboro Notice was issued on August 28, 2018. ECF No. 49. On September 4, 2018, Defendant Smith filed a Motion to Dismiss and a memorandum in support. ECF Nos. 51, 52. A third Roseboro Notice was issued on September 5, 2018. ECF No. 54.

Plaintiff did not file responses in opposition to any of the Defendants' dispositive motions.

Accordingly, this case is now before the undersigned for review, report and recommendation pursuant to LR PL P 2.

## II. The Pleadings

### A. The Second Amended Complaint

In his Second Amended Complaint, Plaintiff raises Eighth Amendment claims of deliberate indifference and failure to protect against Defendants, related to a July 5, 2016 fall at the Huttonsville Correctional Center ("HCC") while he was fully restrained by ankle shackles, belly chain, and handcuffs, and being escorted down a stairway by Defendant Smith. ECF No. 21 at 7, 9 and ECF No. 21-1 at 2 – 3, 6. Further, Plaintiff alleges a violation of WVDOC policy directives, for the Defendants' failure to ensure that he was properly assisted in descending the stairs while fully restrained. ECF No. 21-1 at 6. As a result of the fall, Plaintiff contends that he suffered injuries to his wrist, arm, hip [id. at 9], back, neck, and shoulder. ECF No. 21-1 at 5. Plaintiff contends that he exhausted his administrative remedies. Id. at 6.

Plaintiff seeks injunctive relief in the form of formal reprimands, sanctions, training on "alternative movement practices for restrained inmates," changes to be implemented to existing WVDOC policy directives and operational procedures, and loss of employment for the Defendants; in addition, he seeks and compensatory and punitive damages. Id. at 9; see also ECF No. 19-2 at 6 – 7.

### B. Defendant Marvin Plumley's Motion to Dismiss

In his motion, Defendant Plumley argues that the Second Amended Complaint should be dismissed as it pertains to him because it fails to state a claim upon which relief can be granted, because

1) Plaintiff makes no allegation that Plumley had any personal involvement in violating Plaintiff's rights; and

2) if Plaintiff is attempting to allege that Plumley is liable to him under a supervisory liability theory, he has failed to allege that Plumley was deliberately indifferent to or tacitly approved the purported civil rights violations of others. ECF No. 30 at 1.

**C. Defendants Coleman and Rubenstein's Motion to Dismiss**

Defendant Coleman and Rubenstein argue that the Second Amended Complaint should be dismissed for failure to state a claim against them because

1) Plaintiff fails to allege that either of them had any personal involvement in the purported violation of Plaintiff's rights; and

2) if Plaintiff is attempting to allege that Coleman and Rubenstein are liable to him under a supervisory liability theory, he has failed to allege that either of them were deliberately indifferent to or tacitly approved the purported civil rights violations of others. ECF No. 47 at 1.

**D. Defendant Jeremy Smith's Motion to Dismiss**

Defendant Smith argues that the Second Amended Complaint should be dismissed as it pertains to him for its failure to state a claim against him, because

1) Smith's allegedly negligent acts or omissions do not rise to the level of a constitutional violation [ECF No. 52 at 4];

2) Plaintiff fails to allege that Smith violated his constitutional rights [id.]; and

3) Smith is entitled to qualified immunity, because Plaintiff fails to allege that Smith violated a clearly established right, of which a reasonable correctional officer would be aware; instead, Plaintiff alleges a simple slip and fall negligence claim. Id.

### III. Standard of Review

**Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45 - 46. In Twombly, the Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court, which has held that a "claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

This Court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Haines v. Kerner, 404 U.S. 519, 520 (1972); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. Erickson, *supra* at 94; Gordon v. Leeke, *supra* at 1151, and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (*citing* Twombly, 550 U.S. at 555-56). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't. of Social Srvcs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009)(outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). Finally, although Fed. R. Civ. P. 8(c) provides that "all pleadings shall be so construed as to do substantial justice," the Fourth Circuit further holds that a "heightened pleading standard" is highly appropriate in actions against government officials. Randall v. United States, 95 F.3d 339 (4th Cir. 1996). See also Dunbar Corp. v. Lindsey, 905 F.2d 754, 764 (4th Cir. 1990).

# IV. Analysis

## A. Eighth Amendment Violation for Failure to Protect

Forty-Two U.S.C. § 1983 provides as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other persons within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Therefore, in order to state a claim under 42 U.S.C. § 1983, the Plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. See Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982). Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). In the alternative, a plaintiff may state a claim through a showing that a governmental entity deprived him of his rights when the cause of the plaintiff's grievance "may be fairly said to represent official policy." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978).

## A. Defendants Rubenstein, Coleman, and Plumley

Plaintiff names Defendants Rubenstein, Coleman, in their capacities as the former and "present [sic][4]" commissioners of the West Virginia Division of Corrections, and Plumley as the Warden of HCC, and states he is suing them in their individual and official capacities. ECF No. 19-1 at 9; see also ECF No. 19-2 at 2 – 3, 6 - 7.

---

[4] The present commissioner of the WVDOC is Betsy Jividen.

Plaintiff's Second Amended Complaint, liberally construed, asserts that the Defendants Rubenstein, Coleman, and Plumley were deliberately indifferent to him and that the Eighth Amendment violations they committed caused him harm.

Although it is true that *pro se* petitions should be liberally construed, no matter how unskillfully pleaded,[5] here, although Plaintiff names Rubenstein, Coleman, and Plumley as defendants, he fails to make any specific allegations against them. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. Corp. v. Twombly, 550 U.S. 544 (2007) *quoting* Conley v. Gibson, 355 U.S. 41, 47 (1957). "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe Price-Fleming International, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted).

There is no *respondeat superior* liability under § 1983. See Monnell v. Department of Social Services, 436 U.S. 658 (1978); see also Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1997). Instead, "liability will lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." Vinnedge, *supra.* Nonetheless, when a supervisor is not personally involved in the alleged wrongdoing, he may be liable under § 1983 for subordinate acts pursuant to an official policy or custom for which he is responsible. Fisher v. Washington Metropolitan Area Transit Authority, 690 F.2d 1113 (4th Cir. 1982). Similarly, a supervisor may be liable under § 1983 if the following elements are established: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of

---

[5] Haines v. Kerner, 404 U.S. 519, 520 (1972).

the alleged offensive practices,' and (3) there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994), cert. denied, 513 U.S. 813 (1994).[6] Because the Plaintiff fails to allege any personal involvement on the part of these Defendants and does not make any allegations which reveal the presence of the required elements for supervisory liability, the Plaintiff fails to state a claim upon which relief can be granted against defendants Rubenstein, Coleman, and Plumley in either their individual, official or supervisory capacity, and they should be dismissed from this action.

**B. Defendant Smith**

Plaintiff's Second Amended Complaint states that Defendant Smith was deliberately indifferent to his Eighth Amendment rights to be free from cruel and unusual punishment when Smith failed to protect Plaintiff from serious injury by physically assisting him to descend the stairs while he was cuffed and shackled at the ankles, thereby permitting him to fall down the stairs and sustain injuries to his arm, wrist, and hip. ECF No. 19-1 at 9.

Defendants rely on Pink v. Lester, 52 F.3d 73, 75 (4th Cir. 1995) for the proposition that negligent acts or omissions are not actionable under § 1983, and that "courts have repeatedly held that slip and fall cases do not implicate the Constitution." Bey v. Bailey, No. 3:11-cv-489-RJC, 2013 WL 2480661, at *2 (W.D.N.C. June 10, 2013) (citing cases). The undersigned agrees.

A careful review of similar cases reveals that in Pendergrass v. Hodge, 53 F. Supp. 2d 838 (E.D. Va. May 17, 1999), an inmate's § 1983 Eighth Amendment claim arising out of a fall

---

[6] Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm or constitutional injury." Shaw, 13 F.3d at 799. "A plaintiff may establish deliberate indifference by demonstrating a supervisor's 'continued inaction in the face of documented widespread abuses.'" Id.

on stairs while shackled in full restraints, while the officers accompanying him did not remain close enough to him to break his fall was dismissed because the plaintiff failed to allege that the supervisory defendants were personally involved and the doctrine of *respondeat superior* did not apply. Further, the record contained no evidence that the officers escorting plaintiff when he fell were in any way responsible for his fall; the plaintiff tripped and fell while walking in full restraints, an accident that the court held at most was the result of negligence, "perhaps even the plaintiff's negligence," and did not give rise to a constitutional tort. Pendergrass, *supra* at 842. Similarly, in Martinez v. Correll, 2014 U.S. Dist. LEXIS 112199, 2014 WL 3955073 (E.D.N.C., August 13, 2014), an inmate who slipped, fell and broke his arm stepping into a prison shower, later filed a § 1983 action against the officer who escorted him there, alleging deliberate indifference to his safety and violation of policy for escorting him, handcuffed behind his back, into the shower without keeping a steadying hand on him to ensure that he did not slip. Martinez's failure to protect claim was found to be "at most" negligence, which was insufficient to state a § 1983 claim. Martinez, *supra* at * 7.  Similarly, in Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662, 88 L.Ed. 2d 662 (1986), an inmate's § 1983 action alleging a Fourteenth Amendment due process violation after being injured in a fall on stairs[7] caused by a guard's negligently leaving a pillow on the stairway was dismissed after a finding that the due process clause was not implicated by the guard's negligent acts. Likewise, in Belt v. LeBlanc,[8] a prisoner whose hands were cuffed behind his back while he was escorted between units of a penitentiary, slipped and fell on a wet walkway, injuring his shoulder and knee. Belt filed a §

---

[7] Presumably the inmate was not shackled or restrained when he fell; the record makes no mention of it.

[8] Belt v. LeBlanc, No. 3:09-CV-1030, 2011 WL 2460918, Kirk, J.D. (M.D. La. May 13, 2011) *adopted by* Belt v. LeBlanc, 2011 WL 2469829, Trimble, J.T. (M.D. La. June 14, 2011).

1983 claim of deliberate indifference to his safety against the guards for restraining him and escorting, but not physically assisting him down the wet walkway. The court found that at best, the guards were merely negligent, and that their actions did not rise to the level of an Eighth Amendment violation. Belt, *supra* at 18. Likewise, in Pyles v. Gaetz, 2012 U.S. Dist. LEXIS 111705 (S.D. Ill. August 9, 2012), a week after the plaintiff inmate notified the defendant warden, via an administrative grievance, of a potentially dangerous staircase that was constantly wet during the time inmates took their showers, and noted the prison's "unwritten policy/practice requiring inmates to only wear "shower shoes'" while walking to and from those showers, the plaintiff (who was not restrained at the time) then slipped while walking down these same stairs, injuring his neck and spine. Pyle's § 1983 claim of deliberate indifference to an unsafe prison was summarily dismissed because the prison's failure to maintain a dry stairwell did not rise to the level of a constitutional claim. In another similar case, Foxworth v. Major,[9] a pretrial detainee inmate fell on prison stairs while handcuffed to his cellmate and unescorted by staff. Foxworth's constitutional claim of failure to protect claim was construed there as a conditions of confinement claim,[10] analyzed under the Fourteenth Amendment, and dismissed for failure to state a claim because defendants did not cause him to fall; have any knowledge that he might fall; and Foxworth failed to allege that they knew of and disregarded an excessive risk to his health and safety or that he was deprived a "basic need" by their alleged

---

[9] Foxworth v. Major, No. 8:08-2795-CMC-BHH, 2009 U.S. Dist. LEXIS 67277, Hendricks, B.H. (D.S.C. July 8, 2009) *adopted by, summary judgment denied by, summary judgment granted by, claim dismissed by* Foxworth v. Major, 2009 U.S. Dist. LEXIS 66751, Currie, C.M. (D.S.C. July 30, 2009).

[10] "To prevail on a 'conditions of confinement' claim under the Eighth Amendment, an inmate must establish that (1) the condition complained of is 'sufficiently serious' to implicate constitutional protection, and (2) prison officials acted with 'deliberate indifference' to inmate health or safety.'" DeSpain v. Uphoff, 264 F.3d 865, 971 (10th Cir. 2001) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)(further quotations omitted).

deliberate indifference. Foxworth, *supra* at * 14 - * 19.  A different outcome reached in a similar case, Anderson v. Morris,[11] is distinguishable from this one.  In Anderson, prison officials who handcuffed an inmate behind his back, ordered him to walk unassisted down an obstacle course of stairs littered with greasy surface food, liquid, and debris, and refused his requests for help, were found deliberately indifferent under the Eighth Amendment to plaintiff's § 1983 claim regarding the obvious risk of harm the stairs posed. In that case, unlike here, Anderson successfully stated an Eighth Amendment claim and alleged circumstances perilous enough to constitute an unreasonable risk of serious damage to his future health.

Nonetheless, here, however, Plaintiff has not pled sufficient facts to state a claim that Defendant Smith was deliberately indifferent to his safety. To state an Eighth Amendment claim, Plaintiff must show that Smith acted with a sufficiently culpable state of mind.  Plaintiff has not done so; to the contrary, he has made no allegation that Smith acted with any intent to cause him harm. There is no indication in the record that Smith knew that the manner in which he was escorting plaintiff down the stairs could cause Plaintiff injury. Rather, at most, Plaintiff's allegations can be construed as negligence, and alleged negligence conduct is insufficient to state a § 1983 claim. See, e.g., County of Sacramento v. Lewis, 523 U.S. 833, 849, 118 S.Ct. 1708, 140 L. Ed. 2d 1043 (1998).  Accordingly, this claim against Defendant Smith should be dismissed for failure to state a claim upon which relief can be granted.

## B. Violation of WVDOC Policy Directives

Plaintiff's Second Amended Complaint also alleges that Defendants violated WVDOC policy by not maintaining physical contact with him as he descended the stairs. Defendants argue

---

[11] Anderson v. Morris, 835 F.3d 681, 2016 U.S. App. LEXIS 15761 (7th Cir. 2016).

that this does not salvage Plaintiff's claim of failure to protect because violations of prison regulations are not constitutional claims.

To the extent that the Plaintiff is attempting to allege that the defendants did not adhere to a statute or administrative regulation, the undersigned notes that a Bivens[12] action "must be founded upon a violation of constitutional rights," Arcoren v. Peters, 829 F.2d 671, 676 (8th Cir. 1987), and "a failure to adhere to administrative regulations does not equate to a constitutional violation." Hovater v. Robinson, 1 F.3d 1963, 1068 n. 4 (10th Cir. 1993). See also Cantley v. W. Va. Reg'l Jail & Corr. Facility Auth., 2013 U.S. Dist. LEXIS 143653 * 27 - 28 (S.D. W.Va. October 4, 2013)(even when a state policy is not followed, it does not necessarily mean there is a constitutional violation); Smith v. Atkins, 777 F. Supp. 2d 955, 965 (E.D.N.C. 2011)("the mere failure to comply with . . . [a] state regulation and jail policy [regarding suicide watches] is not a constitutional violation"). The mere violation of a prison regulation does not automatically rise to the level of a constitutional violation cognizable under § 1983. Martinez v. Correll, *supra* at *7, *quoting* Sandin v. Conner, 515 U.S. 472, 481 – 82, 115 S.Ct. 2293, 132 L.Ed. 2d 418 (1995) (stating that prison regulations are primarily designed to guide correctional officials in the administration of a prison and not designed to confer rights on inmates). Therefore, this claim has no merit, and should be dismissed for its failure to state claim upon which relief can be granted.

## V. Recommendation

For the reasons stated above, the undersigned recommends that the Court enter an Order **GRANTING** Defendant Plumley's Motion to Dismiss [ECF No. 29]; **GRANTING** Defendants Coleman and Rubenstein's Motion to Dismiss [ECF No. 47]; **GRANTING** Defendant Smith's Motion to Dismiss [ECF No. 51] and **DENYING and DISMISSING** the Plaintiff's Second

---

[12] Case law under 42 U.S.C. § 1983 is applicable to Bivens actions. See Butz v. Economou, 438 U.S. 478, 504 (1978).

Amended Complaint for its failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). ECF No. 21.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file written objections with the Clerk of the Court, identifying the portions of the Recommendation to which objections are made. Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of Court is **DIRECTED** to correct the names of Defendants Rubenstein and Coleman on the docket to "Jim Rubenstein" and "Mike Coleman."

The Clerk is further **DIRECTED** to provide a copy of this Report and Recommendation to the *pro se* Plaintiff via certified mail, return receipt requested, at his last known address as reflected on the docket, and to transmit a copy electronically to all counsel of record. Finally, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: October 24, 2018

/s/ *Michael John Aloi*_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE