```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DARRELL CADLE, JR.,

          Plaintiff,

v.                                    Civil Action No. 1:17CV218
                                                (Judge Keeley)

JIM RUBENSTEIN, MIKE COLEMAN,
MARVIN PLUMLEY, Warden, HCC,
official and individual capacity,
JEREMY SMITH, CO, Bailiff, official
and individual capacity

          Defendants.
```

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 57], GRANTING DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 29, 47, 51], AND DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT [DKT. NO. 21]**

On December 18, 2017, pursuant to 42 U.S.C. § 1983, the pro se plaintiff, Darrell Cadle, Jr. ("Cadle"), filed a civil rights complaint against multiple employees of the West Virginia Department of Corrections ("WVDOC") (Dkt. No. 1). Cadle's claims arise out of an alleged incident on July 5, 2016, at the Huttonsville Correctional Center ("HCC"). Id. As a matter of right, on January 7, 2018, Cadle filed an amended complaint (Dkt. No. 8). Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the matter to United States Magistrate Judge Michael J. Aloi for initial review.

On April 18, 2018, Cadle moved for leave to file a second amended complaint (Dkt. No. 19), which Magistrate Judge Aloi granted on April 24, 2018 (Dkt. No. 20). According to the second amended complaint ("Complaint"), Cadle fell down a stairway at HCC

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 57],
 GRANTING DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 29, 47, 51],
AND DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT [DKT. NO. 21]**

while fully restrained by ankle shackles, a belly chain, and handcuffs. As a result of the fall, Cadle contends he suffered injuries to his wrist, arm, back, neck, shoulder, and hip. Id. at 5, 9. Cadle alleges that the defendants violated his Eighth Amendment rights by acting with deliberate indifference and failing to protect him from falling (Dkt. Nos. 21 at 7,9; 21-1 at 2-3, 6). He further alleges that the defendants violated WVDOC policy by failing to ensure that he was properly assisted when he descended the stairs while fully restrained (Dkt. No. 21-1 at 6). For relief, Cadle seeks compensatory and punitive damages, as well as injunctive relief in the form of reprimands, sanctions, training, and terminations. Id. at 9; Dkt. No. 19-2 at 6-7.

On May 30, 2018, defendant Marvin Plumley ("Plumley") moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted (Dkt. No. 29). Thereafter, on August 27, 2018, defendants Jim Rubenstein ("Rubenstein") and Mike Coleman ("Coleman") joined the motion (Dkt. No. 47). Then, on September 4, 2018, defendant Jeremy Smith ("Smith") moved to dismiss the Complaint for failure to state a claim and because he is entitled to qualified immunity (Dkt. No. 51). Despite his receipt of three Roseboro notices

**CADLE V. RUBENSTEIN, ET AL.** 1:17CV218

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 57],
GRANTING DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 29, 47, 51],
AND DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT [DKT. NO. 21]**

advising him of his right to respond to the motions (Dkt. Nos. 35, 53, 56), Cadle failed to do so.

Magistrate Judge Aloi's Report and Recommendation ("R&R"), entered on October 24, 2018, recommended that the Court grant the defendants' motions and dismiss the Complaint with prejudice (Dkt. No. 57). Noting first that the Complaint alleged no personal involvement on the part of Plumley, Rubenstein, or Coleman, the R&R concluded that Cadle's allegations failed to give rise to any claim for supervisory liability against those defendants. Id. at 9-10.

The R&R also concluded that Cadle had failed to allege facts sufficient to state a claim that Smith was deliberately indifferent to his safety when escorting him down the stairs. Specifically, the R&R concluded that, at most, Cadle's allegations stated a claim for negligence, which is insufficient to state a cognizable claim under § 1983. Id. at 10-13.

Finally, to the extent Cadle sought to bring a claim regarding a violation of WVDOC policy, the R&R concluded that he had failed to state a claim founded upon a violation of constitutional rights. Id. at 13-14.

The R&R informed the parties of their right to file written objections, identifying those portions of the recommendation to which objections are made, and the basis for such objections. Id.

**CADLE V. RUBENSTEIN, ET AL.**                                  **1:17CV218**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 57],
GRANTING DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 29, 47, 51],
AND DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT [DKT. NO. 21]**

at 15. It further warned that failure to do so could result in waiver of the right to appeal. Id. To date, no party has filed any objections to the R&R.

When reviewing a magistrate judge's R&R, the Court must review de novo only those portions of the R&R to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d. 600, 603-04 (N.D.W. Va. 2007)(citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 2005)). Courts will uphold those portions of the recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Because no party has objected, the Court is under no obligation to conduct a de novo review. Dellacirprete, 479 F. Supp. at 603-04. Upon review of the R&R and the record for clear error, the Court:

1.  **ADOPTS** the R&R (Dkt. No. 57);

2.  **GRANTS** Plumley's motion to dismiss (Dkt. No. 29);

3.  **GRANTS** Coleman and Rubenstein's motion to dismiss (Dkt. No. 47);

**CADLE V. RUBENSTEIN, ET AL.**                                            1:17CV218

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 57],
GRANTING DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 29, 47, 51],
AND DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT [DKT. NO. 21]**

4. **GRANTS** Smith's motion to dismiss (Dkt. No. 51); and

5. **DISMISSES** Cadle's second amended complaint **WITH PREJUDICE** for failure to state a claim upon which relief can be granted (Dkt. No. 21).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk of Court to transmit copies of this Order to counsel of record and the pro se plaintiff, certified mail and return receipt requested, to enter a separate judgment order, and to remove this case from the Court's active docket.

DATED: November 20, 2018

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE